**Janet R. MAYS, Plaintiff–Appellant,**

v.

**QWEST CORPORATION, a foreign company, aka Qwest Communications Company LLC, Defendant–Appellee.**

**No. 11–15556.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 12, 2012.

Filed June 21, 2012.

David Richard Schwartz, Bradley D. Gardner, Udall, Shumway, Blackhurst, Allen & Lyons, Mesa, AZ, for Plaintiff–Appellant.

Jill Johnson Chasson, Coppersmith Schermer & Brockelman, PLC, Phoenix, AZ, for Defendant–Appellee.

Before: FERNANDEZ, GOULD, and BEA, Circuit Judges.

MEMORANDUM *

Plaintiff-appellant Janet Mays appeals from the judgment entered following the district court's grant of a motion for summary judgment in favor of defendant-appellee Qwest Corporation. Because the parties are familiar with the facts, we do not recite them further except as neces-

---

sary to explain our decision. We have jurisdiction over this matter under 28 U.S.C. § 1291, and we affirm.

Mays did not establish a prima facie case of employment discrimination as required under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Mays failed to show the existence of a genuine issue of material fact that she was qualified for the Lee Circle fiber splicing position in 2007 because the uncontroverted evidence showed that she did not request a transfer to fiber splicing at Lee Circle on her LMR form at that time.

Supposing she made out a prima facie case under *McDonnell Douglas*, Mays' claim further fails for the independent reason that she has failed to create a triable issue of material fact as to pretext. 411 U.S. at 804, 93 S.Ct. 1817.

Finally, since Mays was transferred to Lee Circle as soon as she was eligible after filing a request to transfer to Lee Circle, under *Bradley v. Harcourt, Brace and Co.*, 104 F.3d 267, 270 (9th Cir.1996), there is a strong inference that no one at Qwest held a discriminatory animus against Mays.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.